IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY H. JOHNSON,

      Petitioner,

vs.                                      No. CV 16-00130 WJ/WPL

R.C. SMITH, WARDEN,

      Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts on the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Timothy H. Johnson on February 22, 2016 (Doc. 1). Also before the Court is Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Having conducted a preliminary review under rule 4, the Court will deny Johnson's Application to Proceed, as moot, and will dismiss his Petition Under 28 U.S.C. § 2254 for lack of jurisdiction as a second or successive Petition filed without authorization by the Court of Appeals.

Johnson was convicted by a jury of first degree murder and tampering with evidence in the State of New Mexico, County of Colfax, Eighth Judicial District Court in December 2002. Johnson was sentenced to thirty-one years and six months of incarceration. (Doc. 1 at 1). This is Johnson's second habeas corpus petition under § 2254. Johnson's first Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody was filed on July 3,

2006 and docketed in this Court as case No. CV 06-0593 JH/LFG.  In his first Application,

Johnson claimed that his criminal defense counsel was ineffective (1) in failing to request a jury

instruction on the defense of intoxication, (2) in failing to request a jury instruction on lesser

included offenses, and (3) in failing to investigate the prosecution's case.  (CV 06-0593 Doc. 1 at

5-18, Doc. 22 at 4-11).  The Magistrate Judge made findings and recommended dismissal of the

Application with prejudice.  (CV 06-593 Doc. 22).  The District Judge adopted the Magistrate

Judge's Findings and Recommended Disposition and entered Judgment against Johnson.  (CV

06-593 Doc. 23, 24).

Johnson filed his current Petition on February 22, 2016. (Doc. 1).  Johnson did not seek

or obtain authorization from the United States Court of Appeals for the Tenth Circuit prior to

filing the Petition in this Court.  In his Petition, he raises four grounds for relief:

> 1).  "Mr. Johnson was denied due process of law under the Fourteenth
> Amendment to the U.S. Constitution when the court denied him the
> right to be present during a communication with juror Bonnie Shaw
> Martinez."  (Doc. 1 at 5);
>
> 2).  "Mr. Johnson was denied his right to effective assistance of counsel
> Under the Sixth Amendment to the United States Constitution when
> trial counsel failed to engage the services of an independent, objective
> crime-scene investigator for rebuttal of numerous untrue statements made
> by Sgt. William Patterson about the "blood stain" evidence."  (Doc. 1 at 7);
>
> 3).  "Mr. Johnson was denied the right to an impartial and fair jury violating
> his rights under the Sixth Amendment to the United States when the Court
> failed to remove a juror [Bonnie Shaw Martinez] who was bias against
> Defendant."  (Doc. 1 at 8); and
>
> 4).  "Mr. Johnson was denied due process of law under the Fourteenth
> Amendment to the United States Constitution when this court abused
> its discretion by failing to address the issue of inappropriate remarks
> and comments made about Defendant by the Prosecutor and Defense
> Counsel when he was wrongfully implicated in a criminal act during
> Counsel's opening statement."  (Doc. 1 at 10).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a claim presented in a second or successive habeas corpus petition under 28 U.S.C. § 2254 that was presented in a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). A claim that was not presented in a prior § 2254 petition must also be dismissed unless:

> (1) the petitioner shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
>
> (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense.

28 U.S.C. § 2244(b)(2). Before a second or successive petition under § 2254 is presented to this Court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition.  28 U.S.C. § 1144(3)(A).

A second or successive petition may be filed in the district court only if the petitioner moves the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction.  *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). The Court determines that it is not in the interests of justice to transfer Johnson's Petition to the Tenth Circuit Court of Appeals because Johnson does not present any claim that meets the authorization requirements of § 2244(b)(2).

Johnson's second grounds, ineffective assistance of counsel by failing to investigate, was raised and determined against him on the merits in his first Application for Writ of Habeas Corpus. (*See* CV 06-0593 Doc. 1 at 5-18, Doc. 22 at 8-11). Johnson's claim of ineffective assistance for failure to investigate cannot be presented a second time and must be dismissed. 28 U.S.C. § 2244(b)(1).

In order to proceed on his remaining three grounds, Johnson must show either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for his claim was not previously discoverable through reasonable diligence and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). Johnson does not argue that there is a new rule of constitutional law authorizing collateral review. Therefore, he must demonstrate that he could not have previously discovered the factual predicate of his claims through the exercise of reasonable diligence and that the factual predicate is sufficient to establish, by clear and convincing evidence, no reasonable factfinder could have found Johnson guilty. 28 U.S.C. § 2244(b)(2)(B).

Johnson claims that he was denied access to his criminal trial transcripts and did not discover the issues until 2011. (Doc. 1 at 9, 10). The state court record filed as part of Johnson's Petition establishes that the state court held an evidentiary hearing on his state habeas corpus petition. (Doc. 1-4 at 28-29). The trial judge, the prosecutor, the defense counsel, and the juror, Bonnie Shaw Martinez, testified at the evidentiary hearing. (Doc. 1-4 at 29, ¶ 5). The state court judge made the following factual findings:

> "The trial judge testified that it was his common practice to verify that defendants were present in any such instances of juror contact."

4

> "Nor, more significantly to the instant issues, did they [defense] raise any issue at the time about the defendant not being present during the individual voir dire."

> "The Court believes Ms. Aragon [defense counsel] that the defendant was present when Ms. Shaw-Martinez first alerted the trial court to her concern."

> "There is no credible evidence that the defendant was not present during this exchange with the Court, counsel, and Ms. Shaw-Martinez."

(Doc. 1-4 at 30, ¶ 8.i; Doc. 1-5 at 1, ¶¶ 8.o and q; Doc. 1-5 at 2, ¶ 8.v).  The state court's findings are presumed correct on federal habeas review unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).  Johnson argued in his state habeas proceeding that he was not present, and his Petition presents no new or additional evidence or argument rebutting the state court's findings that he was present when the issues arose during his December 2002 trial. Because he was present, the factual predicates of his claims of juror bias and improper comments in opening statement by defense counsel were discoverable, if not actually known, by Johnson in December 2002.  Johnson's inability to review the trial transcripts until 2011 does not alter this conclusion.  *Parker v. Dinwiddie*, 258 Fed.Appx. 200, 202 (2007). Johnson establishes no basis for authorization of a second habeas corpus application on the grounds of any previously undiscoverable factual predicate. 28 U.S.C. § 2244(b)(2)(B)(i).

Moreover, where the factual predicate was discoverable in 2002, Johnson's claims would appear to be barred by the one-year statute of limitations under the AEDPA. 28 U.S.C. § 2244(d)(1)(D). If Johnson knew or should have known the factual basis of his claims in December 2002 when his trial took place, then the one-year statute of limitations would have expired on those claims prior to his filing of his state habeas corpus proceeding in April 2011. *See* Doc. 1 at 9; Doc. 1-1 at 2-7.

Last, even if he did have a newly discovered factual predicate, Johnson cannot show that no reasonable factfinder could have found him guilty. The state court record does not show that there was any bias on the part of juror Shaw-Martinez or that there were any improper comments or ineffective assistance by defense counsel during the trial.  (*See* Doc. 1-2 at 10-13; Doc. 1-4 at 28-30; Doc. 1-5 at 1-4). After an evidentiary hearing on the same issues he raises in this Court, the state court concluded "[t]here was more than sufficient evidence to support the jury's unanimous finding of the defendant's guilt based on the material evidence presented to an unbiased and properly instructed jury, despite defense counsel's zealous and incisive representation."  (Doc. 1-5 at 4, ¶ 10). Johnson does not establish by clear and convincing evidence that, but for improper statements by counsel or a biased juror, no reasonable factfinder would have found him guilty.

Johnson did not seek authorization from the Court of Appeals to file his second § 2254 petition, and he presents no claims that would meet the requirements for authorization under § 2244(b)(2).  The Court finds it is not in the interests of justice and declines to transfer Johnson's Petition to the Court of Appeals.  *In re Cline,* 531 F.3d at 1252.  Instead, the Court will dismiss the Petition for lack of jurisdiction. 28 U.S.C. § 2244(b)(2).  Further, under rule 11 of the Rules Governing Section 2254 Cases, because Johnson has failed to make any showing of denial of a constitutional right, the Court will deny a certificate of appealability.  28 U.S.C. § 2253(c).

IT IS ORDERED:

(1) the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Timothy H. Johnson on February 22, 2016 (Doc. 1) is DISMISSED without prejudice for lack of jurisdiction;

(2) Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is DENIED as moot based both on Johnson's payment of the $5.00 filing fee and this dismissal; and

(3) a certificate of appealability is DENIED under 28 U.S.C. § 2253(c).

_____

UNITED STATES DISTRICT JUDGE